HELENE N. WHITE, Circuit Judge
(concurring and dissenting).
I join the majority in concluding that the district court erred in denying Dispatcher Schick’s motion for summary judgment based on qualified immunity. However, I respectfully dissent from Part II.C and the related portion of Part III of the majority’s opinion.
As the majority notes, because this is an interlocutory appeal of a denial of qualified immunity, we must accept the facts as alleged by Fettes and interpret those facts in the light most favorable to him. Berryman v. Rieger, 150 F.3d 561, 562 (6th Cir.1998). I find no error in the district court’s determination that Fettes established genuine issues of fact as to whether the cuffs were unduly tight, he complained of their tightness, the officers ignored his complaints, and he sustained physical injury as a result. This court observed in Burchett v. Kiefer, 310 F.3d 937 (6th Cir.2002), that “[o]ur precedents allow the plaintiff to get to a jury upon a showing that officers handcuffed the plaintiff excessively and unnecessarily tightly and ignored the plaintiffs pleas that the handcuffs were too tight.” Id. at 944 (citing Kostrzewa v. City of Troy, 247 F.3d 633, 641 (6th Cir.2001); Martin v. Heideman, 106 F.3d 1308, 1310, 1313 (6th Cir.1997)). Thus, I find no error in the district court’s analysis up to this point.
This statement from Burchett, echoed in Lyons v. City of Xenia, 417 F.3d 565, 575-76 (6th Cir.2005), must be reconciled with the two-pronged inquiry announced in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), refined in Brosseau v. Haugen, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004), and modified in Pearson v. Callahan, — U.S. -, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), which requires a court to determine whether “the facts alleged show the officer’s conduct violated a constitutional right.” Saucier, 533 U.S. at 201, 121 S.Ct. 2151, and also “whether the right was clearly established ... in light of the specific context of the case, not as a broad general proposition....” Id.[1] I read *535 Burchett as addressing the same inquiry as the Supreme Court cases — whether an officer is entitled to qualified immunity as a matter of law. I further read Burchett as stating that this court has recognized that “[t]he right to be free from ‘excessively forceful handcuffing’ is a clearly established right for qualified immunity purposes,” and that a plaintiff can establish an excessive-force handcuffing claim by showing that the handcuffs were applied excessively and unnecessarily tightly, the plaintiff complained, and the pleas were ignored. Burchett, 310 F.3d at 944-45. Lyons and other cases add an injury requirement. Implicit in Burchett's, use of the terms “excessively” and “unnecessarily” is the concept of unreasonableness, which is the constitutional yardstick. In other words, within these descriptive terms is the requirement that the officer’s use of force be shown to have been objectively unreasonable under the circumstances presented, and if this showing is made, the first prong of the Saucier test, whether there has been a constitutional violation, has been met.
In ruling on a motion seeking qualified immunity in an excessive-force-handcuffing case, the district court must go beyond the question whether the facts are adequate to support a claim that excessively (unreasonably) tight handcuffs, of which the plaintiff complained to no avail, caused injury. The court must further inquire whether the right was clearly established, i.e., “whether it would be clear to a reasonable officer that his conduct was unlawful in the situation that he confronted.” Saucier, 533 U.S. at 199, 121 S.Ct. 2151; Solomon v. Auburn Hills Police Dept., 389 F.3d 167, 172 (6th Cir.2004). The majority concludes that as a matter of law it would not be clear to a reasonable officer that Fettes’s constitutional rights were being violated and is concerned that “a constitutional requirement obligating officers to stop and investigate each and every utterance of discomfort and make a new judgment as to whether the handcuffs are ‘too tight’ ” is not reasonable. However, tak *536 ing the facts in the light most favorable to Fettes, a finding that there was a clearly established right does not lead to such a requirement. The Constitution prohibits the use of unreasonable force in effecting a seizure, which has been consistently interpreted as including a prohibition on the unreasonable use of excessively tight handcuffs. It is not disputed that Fettes was compliant, was arrested for an administrative violation, and posed no threat. Further, the allegation is that the handcuffs were too tight when they were first applied, and that Fettes complained at that time and again during the ride, but Milburn refused to act at any time. As the district court observed, Fettes’s allegation are in this respect distinguishable from those in Meadows v. Thomas, 117 Fed.Appx. 397 (6th Cir.2004), where the handcuffs were not excessively tight when applied but became so through the plaintiffs movements and conduct. The Constitution may not require that an officer stop and investigate each and every utterance of discomfort made by an arrestee complaining that his handcuffs are too tight, but this Court has held again and again that it does require that an officer not apply handcuffs unreasonably and excessively tightly, and in furtherance of that requirement, that the officer respond reasonably to a complaint that the handcuffs have been applied excessively tightly.
I conclude that the district court did not err, A reasonable officer in Officer Mil-burn’s position would have known that an arrestee has a right not to be handcuffed in an unreasonable manner, and that a complaint that handcuffs are too tight requires at least an inquiry whether the handcuffs are, in fact, unreasonably tight. Viewing the allegations in a light most favorable to Fettes, a reasonable officer in Milburn’s position would not have concluded that he had legitimate justification under the law for acting as he did. Saucier, 533 U.S. at 208,121 S.Ct. 2151.